IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILSON JAVIER CEDILLO, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-26-349 |
| KRISTI NOEM, et al., | * | |
| Respondents. | * | |
| | * | |

***

## **ORDER**

The Court is in receipt of the Parties' Joint Notice filed February 3, 2026 (ECF No. 6). The Parties advise that the factual and legal issues in this case are related to some of those in Cardona y Cardona v. Noem, No. ABA-25-2262, Lopez Lopez v. Noem, No. BAH-26-008, and Chavez de Vasquez v. Baker, No. SAG-25-3657, 2025 WL 3713773 (D.Md. Dec. 23, 2025). (Joint Notice at 1, ECF No. 6).[1] In Lopez Lopez, the habeas petition concerned whether a noncitizen charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) is subject to mandatory detention without bond under 8 U.S.C. § 1225(b) or discretionary detention with the possibility of bond under 8 U.S.C. § 1226(a). Pet. Writ Habeas Corpus ¶¶ 48–53, Lopez Lopez v. Noem, No. BAH-26-008 (D.Md. Jan. 2, 2026) (ECF No. 1). In Cardona y Cardona and Chavez de Vasquez, the petitioners raised Fourth Amendment claims, arguing that Immigration and Customs Enforcement detained them unlawfully. Pet.

---

[1] Unless otherwise noted, citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Writ Habeas Corpus at 3–4, Cardona y Cardona, No. ABA-25-2262 (D.Md. July 13, 2025) (ECF No. 1); Am. Pet. Writ Habeas Corpus ¶¶ 34–35, Chavez de Vasquez, No. SAG-25-03657 (D.Md. Nov. 24, 2025) (ECF No. 13). Respondents Kristi Noem, Pamela Bondi, Todd Lyons, and Vernon Liggins ask to incorporate their briefings in those cases—specifically that Petitioner Wilson Javier Cedillo is free to seek a bond hearing under 8 U.S.C. § 1226(a), that his claims are barred on jurisdictional grounds, and that he was lawfully detained—in lieu of further briefing. (Joint Notice at 2 nn.2–4); see also Mot. Dismiss at 11–12, Lopez Lopez, No. BAH-26-008 (D.Md. Jan. 14, 2026) (ECF No. 9-1); Mot. Dismiss at 3–9 Cardona y Cardona, No. ABA-25-2262 (D.Md. July 17, 2025) (ECF No. 9-1); Mot. Dismiss at 13–15, Chavez de Vasquez, No. SAG-25-03657 (D.Md. Dec. 14, 2025) (ECF No. 14-1).

The Court finds that the facts and legal issues of this case are similar to those presented in Lopez Lopez, Cardona y Cardona, and Chavez de Vasquez, except as to those related to alleged violations of Alternatives to Detention agreements, which Respondents do not raise or incorporate here. (Joint Notice at 1–2 n.1). As in several other cases, the Court also finds that the facts of this case and the issue regarding detention under § 1225(b) or § 1226(a) are not materially different from those presented in Velasquez v. Noem, No. GLR-25-3215, 2025 WL 3003684 (D.Md. Oct. 27, 2025), Villanueva Funes v. Noem, No. TDC-25-3860, 2026 WL 92860 (D.Md. Jan. 13, 2026), and Leal-Hernandez v. Noem, No. JRR-25-2428, 2025 WL 2430025 (D.Md. Aug. 24, 2025). See, e.g., Jan. 15, 2026 Order at 1–2, Jeronimo Xitumul v. Bondi, No. GLR-26-87 (Jan. 15, 2026) (ECF No. 7); Jan. 30,

2026 Order at 1–2, Bonilla Bustillo v. Noem, No. GLR-26-299 (Jan. 30, 2026) (ECF No. 7). The Court, therefore, will not require further briefing from the Parties.

The Court incorporates by reference the analyses in Velasquez, Villanueva Funes, and Leal-Hernandez and based on the reasonings therein, will grant Cedillo's Petition for Writ of Habeas Corpus as to his claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Pet. Writ Habeas Corpus ¶¶ 22–27, ECF No. 1); see Velasquez, 2025 WL 3003684, at *4–7; Villanueva Funes, 2026 WL 92860, at *4 (citing Maldonado v. Baker, No. TDC-25-3084, 2025 WL 2968042, at *8–10 (D.Md. Oct. 21, 2025)); Leal-Hernandez, 2025 WL 2430025, at *8–10. The Court declines to reach the merits of Cedillo's remaining claims under the Fourth Amendment, 28 U.SC. § 1361, and the Administrative Procedures Act. (Pet. Writ Habeas Corpus ¶¶ 28–36).

Accordingly, it is this 4th day of February, 2026, by the United States District Court for the District of Maryland, hereby:

ORDERED that the teleconference hearing scheduled for February 6, 2026 at 9:30 a.m. is CANCELLED;

IT IS FURTHER ORDERED that Cedillo's Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED in that:

1. Respondents are ENJOINED from detaining Cedillo under 8 U.S.C. § 1225(b), and Cedillo is entitled to, and shall seek, a bond hearing before an Immigration Judge ("IJ") under 8 U.S.C. § 1226(a).

2. The bond hearing shall occur within ten (10) days of the date that Cedillo files a request for such hearing.

3. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and Respondents shall PROVIDE Cedillo with any other process due to him under these provisions.

4. The bond hearing may be conducted by an IJ with jurisdiction or administrative control over Cedillo's detention.

5. If Cedillo is granted bond and released, Cedillo may be subject to reasonable conditions as determined by an IJ.

6. If Cedillo is not afforded a bond hearing before an IJ in compliance with this Order, Respondents shall RELEASE Cedillo from custody. If released, Cedillo may be subject to reasonable conditions, including a requirement that he appear at a bond hearing at an Immigration Court in Maryland.

IT IS FURTHER ORDERED that Cedillo's Petition (ECF No. 1) is DENIED as to any further relief he seeks at this time;

IT IS FURTHER ORDERED that the Parties shall FILE a status report within twenty (20) days of the date of this Order, updating the Court on Respondents' compliance with this Order;

IT IS FURTHER ORDERED that the Court shall RETAIN jurisdiction of this matter to enforce compliance with this Order; and

IT IS FURTHER ORDERED that the Clerk shall PROVIDE a copy of this order to all counsel of record.

                                                                         /s/_____
                                                    George L. Russell, III
                                                    Chief United States District Judge